# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2011

No. 10-11263
Summary Calendar

Lyle W. Cayce
Clerk

GEORGE VERNON CHILES,

Plaintiff - Appellant

v.

G. G. HEMPSTEAD,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-136

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

George Vernon Chiles brought a Section 1983 suit against the police officer who arrested him for a minor crime.  The district court determined that the officer was entitled to qualified immunity.  We AFFIRM.

In February 2008, Officer G.G. Hempstead of the Fort Worth Police Department was driving her police car in a residential neighborhood. She heard what she believed to be a burglar alarm and saw Chiles walking rapidly away

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  10-11263

from a residence.  Chiles was walking in the roadway instead of on the adjacent sidewalk.  Officer Hempstead stopped Chiles, ostensibly as a result of probable cause to believe he was committing the offense of "Walking in the Roadway When a Sidewalk was Provided."  *See* Tex. Transp. Code § 552.006(a).

The officer made various demands on Chiles, including that he remove a plastic bag from under his arm and put it on the ground, that he place his hands on her police car so she could perform a pat-down, and that he provide identification.  Chiles complied with the first demand but not with the second and third.  Chiles insisted he had no obligation to provide identification unless arrested.  His Complaint asserted that he handed Officer Hempstead a copy of the statute concerning the offense of failure to identify oneself to a peace officer.  *See* Tex. Penal Code § 38.02.  Attached to the Code section was the business card of an attorney whom he allegedly consulted in 2003.  The importance of the Code section was that it described the refusal by someone under arrest to comply with a law enforcement officer's request for identification.  Next, Officer Hempstead demanded that Chiles put his hands behind his back so she could place handcuffs on his wrists.  Chiles refused, but the officer was able to handcuff him.

The officer asked for a back-up unit to assist her.  Prior to the arrival of any assistance, the officer called a superior and requested that she be allowed to arrest Chiles and take him to jail for the misdemeanor of walking in the street despite the availability of a sidewalk.  She received permission, arrested Chiles, and took him to jail.  A September 2010 affidavit filed in the case stated that the misdemeanor charge against Chiles was still pending.

Two years after the 2008 incident, Chiles filed a Section 1983 suit against Officer Hempstead.  *See* 42 U.S.C. § 1983. Chiles alleged that his Fourth Amendment rights were violated by an improper seizure and arrest.  He also claimed violations of various state statutes. Officer Hempstead filed for

2

No. 10-11263

summary judgment, asserting the defense of qualified immunity. The district court granted the motion in October 2010. This appeal followed.

We will not belabor the elements of this sort of suit. As the district court noted, Chiles had by that time brought seven civil actions against various officials under Section 1983. Five were dismissed as being without merit. Thus, the basics for claims such as this have been explained many times to Chiles.

Once Officer Hempstead pled the defense of qualified immunity, the burden was on Chiles to rebut the defense. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Chiles must show both that Hempstead violated a clearly established constitutional right, and that she was not objectively reasonable in such a violation. *Id.* at 257. An officer has the right to arrest even for a very minor offense if the offense is committed in her presence. *Lockett v. New Orleans City*, 607 F.3d 992, 998 (5th Cir. 2010). On appeal, we review a grant of summary judgment *de novo,* but we will affirm if nothing in the record creates material factual disputes and if the defendant is legally entitled to judgment. *Id.* at 997.

Chiles's summary judgment filings set out details about the streets and sidewalks in the location of the arrest, seeking to create a dispute as to what actually happened. None of those factual contentions draw into question that Officer Hempstead was investigating the sound of an alarm and saw Chiles walking rapidly away in the street despite the presence of an adjacent sidewalk. Chiles has not undermined the officer's reasonable belief that there was probable cause to support that the cited misdemeanor offense was occurring. Further, even if Officer Hempstead's arrest of Chiles was mistaken, a "police officer who reasonably but mistakenly concludes that he has probable cause to arrest a suspect is entitled to qualified immunity." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (citation omitted). Chiles has not shown that Officer Hempstead's purported mistake was unreasonable.

3

No.  10-11263

Chiles also complains that some of the records of his arrest referred to the offense as being one under a city ordinance.  Apparently there is no such ordinance, but there is an offense under state law of walking on a roadway despite an available sidewalk.  *See* Tex. Transp. Code § 552.006.  Even if Officer Hempstead was mistaken about which government entity created the offense, there would still have been probable cause to arrest for a violation.

Chiles also argued that the offense was incompletely described at least in Officer Hempstead's summary judgment brief.  As we understand the point, Chiles argued that the brief referred to the offense as walking along a roadway, when the offense actually required walking along *and on* the roadway.  Chiles is correct about the language of Transportation Code Section 552.006, but he is incorrect that the evidence creates any factual dispute concerning whether he was actually on the roadway.  Officer Hempstead's affidavit stated that Chiles was walking "in the roadway," an acceptable phrase that makes it clear he was in the street and not walking on a lawn or sidewalk.

This was a simple arrest for a simple crime.  Chiles may be correct that certain aspects of the citation he was issued and the factual statements made by Officer Hempstead have some inaccuracies.  We are convinced, though, that the defense of qualified immunity was validly raised and was not rebutted.

We AFFIRM.